IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN KENERSON,

      Petitioner,

v.                      CRIMINAL ACTION NOS.   1:04CR52
                                                   1:05CR28
                      CIVIL ACTION NOS.     1:16CV228
                                                   1:16CV229
                                (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]

Pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the petitioner, Steven Kenerson ("Kenerson"), has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Dkt. No. 1). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** his Motion.

## I. SENTENCING LANDSCAPE AT THE TIME OF PETITIONER'S CONVICTION AND SENTENCING

In 2005, after Kenerson pleaded guilty to possessing cocaine base with intent to distribute, being a felon in possession of a firearm, and assaulting a witness with intent to intimidate, he received a concurrent sentence of 262 months of incarceration (Crim. No. 1:05cr28, Dkt. No. 31). When Kenerson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

§ 922(g), the Armed Career Criminal Act ("ACCA") imposed an enhanced sentence of 15 years to life imprisonment if a defendant had three previous convictions for a "violent felony" or "serious drug offense." Serious drug offenses included those under the Controlled Substances Act for which the maximum term of imprisonment was 10 years or more. 18 U.S.C. § 924(e)(2)(A). Violent felonies included those punishable by more than one year in prison that:

> (i) ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) [were] burglary, arson, or extortion, involve[d] use of explosives, or otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). The closing phrase of subsection (ii) is known as the ACCA "residual clause."

The 2004 Manual of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") relevant to Kenerson's case implemented the ACCA by classifying as an "armed career criminal" any defendant subject to an enhanced penalty under § 924(e). U.S.S.G. § 4B1.4(a). Relevant to Kenerson, an armed career criminal possessing a firearm in connection with a controlled substance

2

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

offense was subject to a base offense level 34 unless the applicable offense level under the career offender guideline was greater. U.S.S.G. § 4B1.4(b). The sentencing guidelines classified a defendant as a "career offender" if (1) he was at least eighteen years of age when he committed the offense of conviction, (2) the offense of conviction was a felony crime of violence or controlled substance offense, and (3) the defendant had at least two prior felony convictions for a crime of violence or controlled substance offense. Id. § 4B1.1(a).

The guideline definitions of "crime of violence" and "controlled substance offense" were similar to the definitions of "violent felony" and "serious drug offense" under the ACCA. A "controlled substance offense" included offenses "punishable by imprisonment for a term exceeding one year, that prohibit[] the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). A "crime of violence" included offenses, punishable by more than one year in prison, that:

> (1) ha[d] as an element the use, attempted use, or
> threatened use of physical force against the person
> of another, or

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

(2)  [was] burglary of a dwelling, arson, or extortion,
     involve[d]  use  of  explosives,  or  otherwise
     involve[d]  conduct  that  present[ed]  a  serious
     potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The career offender definition of a "crime of

violence" thus included the same "residual clause" found in the

ACCA definition of a "violent felony."

Other than in circumstances not relevant to this case, the

base offense level under the career offender guideline depended on

the maximum term of imprisonment authorized for the offense of

conviction that was a "crime of violence" or "controlled substance

offense." U.S.S.G. § 4B1.1(b), Application Note 2. For instance, if

the statutory maximum was life imprisonment, the base offense level

was 37, but if the statutory maximum was between 25 years and life,

the base offense level was 34. U.S.S.G. § 4B1.1(b)(A), (B).

This sentencing landscape changed dramatically in 2015 when

the Supreme Court struck down the residual clause in the ACCA in

Johnson v. United States, 135 S. Ct. 2551 (2015). There the Court

considered a vagueness challenge to the residual clause in the ACCA

definition of a violent felony. Reasoning that the clause involved

too much uncertainty about "how to estimate the risk posed by a

crime," and how much risk sufficed to qualify a felony as violent,

4

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

the Supreme Court declared the clause unconstitutionally vague. <u>Id.</u>
at 2557-59. Thereafter, in <u>Welch v. United States</u>, the Court held
that its decision in <u>Johnson</u> applied retroactively to cases on
collateral review, thereby entitling petitioners to challenge,
under 28 U.S.C. § 2255, sentences enhanced under the ACCA residual
clause. 136 S.Ct. 1257, 1261 (2016). In <u>Beckles v. United States</u>,
however, the Court held that the same language in the residual
clause of U.S.S.G. § 4B1.2(a)(2) was not void for vagueness because
"the advisory Guidelines are not subject to vagueness challenges
under the Due Process Clause." 137 S.Ct. 886, 890 (2017).

## II. BACKGROUND

**A.    Kenerson's Conviction and Sentence**

On July 8, 2004, the grand jury returned a three-count
indictment, charging Kenerson with the following crimes:

- Count One:     Possession with Intent to Distribute Cocaine
                 Base, in violation of 21 U.S.C. § 841(a)(1);

- Count Two:     Possession of a Firearm in Furtherance of a
                 Drug Trafficking Crime, in violation of 21
                 U.S.C. § 924(c)(1)(A)(i); and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

- Count Three:   Felon in Possession of a Firearm, in violation

   of 18 U.S.C. §§ 922(g) and 924(a)(2).

(Crim. No. 1:04cr52, Dkt. No. 1). Before those charges were

adjudicated, on March 3, 2005, the grand jury returned an

additional indictment charging him with one count of assaulting a

witness with the intent to intimidate, in violation of 18 U.S.C.

§ 1512(a)(2)(B) (Crim. No. 1:05cr28, Dkt. No. 1).

On May 5, 2005, pursuant to written plea agreements with the

Government, Kenerson pleaded guilty to Counts One and Three in

Criminal No. 1:04cr52, and Count One in Criminal No. 1:05cr28.

Notably, the agreement in Criminal No. 1:04cr52 stipulated

> [t]hat the defendant is subject to the Armed Career
> Criminal provision of Title 18, United States Code
> § 924(e)(1) by virtue of the following three prior felony
> convictions for violent offenses which were committed
> prior to the offense charged in Count 3 of the indictment
> and were each committed on an occasion different from the
> others:
>
> 1)   The defendant was convicted in the 168th District
>      Court of El Paso County, Texas, of the felony
>      offense of Second Degree Robbery, which offense was
>      committed by the defendant, using the name Robert
>      Watson, on May 24, 2003, and of which offense the
>      defendant was convicted and sentenced by judgment
>      order of said court dated August 21, 2003; and
>
> 2)   The defendant was convicted in the 168th District
>      Court of El Paso County[,] Texas[,] of the felony

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]

offense of third Degree Assault on a Public Servant which offense was committed by the defendant, using the name Robert Watson, on May 29, 2003, and of which offense the defendant was convicted and sentenced by judgment order of said court dated August 21, 2003; and

3)    The defendant was convicted in the Circuit Court of Doddridge County, West Virginia, of the felony offense of Unlawful Assault, which offense was committed on July 18, 2002, and of which offense the defendant was convicted and sentenced in said court by order entered on December 20, 2002.

(Crim. No. 1:04cr52, Dkt. No. 28 at 4). The Court accepted Kenerson's guilty pleas, but deferred full acceptance of his plea agreements pending receipt of a presentence report ("PSR") from the United States Probation Office (Crim. No. 1:04cr52, Dkt. No. 29 at 10-11).[1]

Given the nature of Kenerson's convictions, as well as his criminal history, the Probation Officer's calculation of the guideline sentencing range in the PSR was multifaceted. As an initial matter, the Probation Officer grouped Kenerson's counts of conviction pursuant to U.S.S.G. § 3D1.2(b), which resulted in an unenhanced base offense level 30, prior to any reduction for

---

[1] At Kenerson's plea hearing, the Court acknowledged that the Guidelines would be advisory in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005) (Crim. No. 1:05cr28, Dkt. No. 36 at 26-27).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

acceptance of responsibility (Crim. No. 1:04cr52, Dkt. No. 37 at 17). The Probation Officer also adjusted Kenerson's guideline level by applying several Chapter Four enhancements. Id. at 17-18.

First, the Probation Officer classified Kenerson as a "career offender" pursuant to U.S.S.G. § 4B1.1 because (1) he was 18 years or older at the time of the offense; (2) his conviction for possession with intent to distribute cocaine base was a "controlled substance offense"; and (3) in light of the existence of the three prior felonies stipulated to in the plea agreement, he had at least two prior convictions for a felony "crime of violence." Because the statutory maximum for Kenerson's felon in possession conviction was life imprisonment, the Probation Officer calculated a base offense level 37 pursuant to U.S.S.G. § 4B1.1(b)(A).

Second, because Kenerson had pleaded guilty to violating 18 U.S.C. § 922(g) and stipulated to the existence of three prior violent felonies, the Probation Officer classified him as an armed career criminal under 18 U.S.C. § 924(e). Having stipulated to possessing a firearm in connection with a controlled substance offense, this classification exposed Kenerson to a base offense level 34 under U.S.S.G. § 4B1.4(b)(3)(A). As the career offender

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

base offense level was higher, the armed career criminal guideline
directed application of the base offense level 37. U.S.S.G.
§ 4B1.4(b)(2).

After applying a 3-level reduction for acceptance of
responsibility, the Probation Officer calculated Kenerson's total
offense level as 34 (Crim. No. 1:04cr52, Dkt. No. 37 at 18).
Kenerson's criminal history category was VI, whether due to his
criminal history points, the career offender guideline, or the
armed career criminal guideline. <u>Id.</u> at 24. Therefore, with a total
offense level 34 and criminal history category VI, Kenerson's
guideline range of imprisonment was 262 to 327 months. <u>Id.</u> at 30.
Neither Kenerson nor the Government objected to the Probation
Officer's guideline calculation. <u>Id.</u> at 63.

At Kenerson's sentencing hearing on August 15, 2005, the Court
accepted the Probation Officer's guideline calculations (Crim. No.
1:05cr28, Dkt. No. 36 at 84) and imposed a 262-month sentence for
his felon in possession conviction, a concurrent 262-month sentence
for his possession with intent to distribute conviction, and a
concurrent 240-month statutory-maximum sentence for his witness
assault conviction. Kenerson's total effective sentence therefore

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

was 262 months of incarceration (Crim. No. 1:05cr28, Dkt. No. 31).

As his plea agreements contained appellate waivers, Kenerson did

not appeal either his conviction or his sentence.

## B.    The First § 2255 Motion

On June 24, 2008, Kenerson filed his first motion pursuant to

28 U.S.C. § 2255, arguing that, because his conviction for being a

felon in possession under § 922(g) was not a "crime of violence,"[2]

the Court erred when it applied § 922(g)'s statutory maximum of

life imprisonment and calculated a career offender base offense

level 37 (Crim. No. 1:04cr52, Dkt. No. 43 at 2). Instead, the Court

should have used the 40-year statutory maximum for possession with

intent to distribute cocaine base, see 18 U.S.C. § 841(b)(1)(B),

and applied a career offender base offense level 34. U.S.S.G.

§ 4B1.1(b)(B). At a base offense level 34, with a 3-level reduction

for acceptance of responsibility and a criminal history category

VI, Kenerson argued that the applicable guideline range for his

sentence should have been 188 to 235 months (Crim. No. 1:04cr52,

Dkt. No. 43 at 3).

---

[2] This actually had been the case for quite some time, see
United States v. Johnson, 953 F.2d 110 (4th Cir. 1991), but had
been overlooked by the parties and the Court.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Concluding that it had erred, the Court reopened Kenerson's case and, on July 24, 2008, resentenced him to concurrent terms of 200 months of incarceration on each count (Crim. No. 1:04cr52, Dkt. No. 45 at 11; Crim. No. 1:04cr52, Dkt. No. 46). Kenerson waived his right to be present at that resentencing (Crim. No. 1:04cr52, Dkt. No. 43-3).

**C.     The Instant § 2255 Motion**

Post <u>Johnson</u>, on June 30, 2016, Kenerson filed a petition pursuant to 28 U.S.C. § 2241 (Civil No. 2:16cv55, Dkt. No. 1), which, after several attempts, he later successfully converted to two motions challenging the lawfulness of his sentences under 28 U.S.C. § 2255 (Civil Nos. 1:16cv228, 1:16cv229). At bottom, these motions seek a "sentence reduction under the <u>Johnson</u> residual clause" (Civil No. 1:16cv228, Dkt. No. 12 at 13).

The Government has not opposed the motions, conceding "that at least two of his predicate convictions supporting his [ACCA] status no longer qualify in light of the holding in <u>Johnson v. United States</u> that the residual clause of the ACCA is void for vagueness" (Dkt. No. 17 at 1). Without application of the residual clause, Kenerson's prior convictions can only constitute ACCA predicate

11

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

offenses if they meet the "force clause." <u>Id.</u> at 5. But, as the
Government has acknowledged, Kenerson's prior convictions for
assault on a public servant and second degree robbery could be
sustained by proof of mere recklessness, and therefore do not
involve the use of force. Thus they are not violent felonies. <u>Id.</u>
at 5-9.

### III. DISCUSSION

A federal prisoner may attack his sentence by way of a motion
under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress . . . may move the court
> which imposed the sentence to vacate, set aside or
> correct the sentence.
>
> . . . If the court finds that the judgment was [unlawful
> for various specified reasons], the court shall vacate
> and set the judgment aside and shall discharge the
> prisoner or resentence him or grant a new trial or
> correct the sentence as may appear appropriate.

<u>United States v. Hadden</u>, 475 F.3d 652, 661 (4th Cir. 2007)
(alteration in original) (quoting 28 U.S.C. § 2255).

Therefore, "a district court's resolution of a prisoner's
§ 2255 petition proceeds in two steps." <u>Id.</u> "First, the district
court must determine whether the prisoner's sentence is unlawful on
one of the specified grounds." <u>Id.</u> If the sentence is unlawful, the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

court must vacate and set aside the sentence. "Second, if the prisoner's sentence . . . is set aside, the district court 'shall' grant the prisoner an 'appropriate' remedy." Id.

**A.    The Lawfulness of Kenerson's Sentence**

Johnson undoubtedly renders unlawful Kenerson's classification as an armed career criminal (Dkt. No. 1). Two of Kenerson's predicate offenses were for assault on a public servant and second degree robbery, in violation of Tex. Penal Code §§ 22.01 and 29.02, which are not enumerated offenses under 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, after Johnson they must fall under the so-called "force clause" of § 924(e)(2)(B)(i) in order to qualify as violent felonies under the ACCA.

Applying the modified categorical approach articulated in Descamps v. United States, 133, S.Ct. 2276 (2013), to the charging documents related to these convictions clearly establishes that they could have been sustained by proof of mere recklessness. In the Fourth Circuit, "recklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" Garcia v. Gonzales, 455 F.3d 465, 469 (4th Cir. 2006). Therefore, concluding that Kenerson now lacks a sufficient number of predicate

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

offenses, the Court **GRANTS** his motion challenging the lawfulness of

his sentence as an armed career criminal under the ACCA.

Liberally construed, Kenerson's motion includes the argument

that <u>Johnson</u> also renders his career offender status unlawful

because it was based on the residual clause of U.S.S.G.

§ 4B1.2(a)(2). While perhaps cognizable at the time Kenerson filed

his motion, <u>see</u> <u>In re Hubbard</u>, 825 F.3d 225 (4th Cir. 2016), this

argument has since been foreclosed by the Supreme Court's decision

in <u>Beckles</u>, which held that the residual clause in § 4B1.2(a)(2) is

not void for vagueness because "the advisory Guidelines are not

subject to vagueness challenges under the Due Process Clause." 137

S.Ct. 886, 890 (2017). The Court therefore rejects Kenerson's

attack on his status as a career offender under U.S.S.G. § 4B1.1.

**B.    The Appropriate Remedy**

Determining the appropriate remedy in this case warrants

consideration of several factors. "The district court has broad and

flexible power to fashion an appropriate remedy in granting relief

on collateral review." <u>United States v. Davis</u>, 708 F. App'x 767,

768 (4th Cir. 2017) (unpublished decision). "[T]he end result of a

successful § 2255 proceeding must be the vacatur of the prisoner's

14

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

unlawful sentence . . . and one of the following: (1) the
prisoner's release, (2) the grant of a future new trial to the
prisoner, (3) or a new sentence, be it imposed by (a) a
resentencing or (b) a corrected sentence." Hadden, 475 F.3d at 661.
"A district court need not actually vacate the original sentence if
the judgment has the 'practical effect'" of doing so. In addition,
"the 'new' sentence may be the same as the original sentence."
Davis, 708 F. App'x at 769 (citing Hadden, 475 F.3d at 661 n.8,
n.9). Given the effect of Kenerson's now-unlawful ACCA enhancement,
the Court concludes that the appropriate remedy in this case is the
imposition of a corrected sentence.

Absent any enhancement under the ACCA, Kenerson's status as a
career offender would have placed him at the same total offense
level, criminal history category, and range of imprisonment. As
discussed earlier, the Probation Officer concluded that Kenerson
was subject to the career offender enhancement pursuant to U.S.S.G.
§ 4B1.1 because (1) he was 18 years or older at the time of the
offense, (2) his conviction for possession with intent to
distribute cocaine base was a "controlled substance offense," and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

(3) he had at least two prior felony convictions for a crime of violence (Crim. No. 1:04cr52, Dkt. No. 37 at 17-18).

When it resentenced Kenerson in 2008, however, this Court concluded that it had improperly referenced the statutory maximum of life imprisonment for Kenerson's felon in possession conviction to arrive at a career offender offense level 37. The controlled substance offense underlying Kenerson's classification as a career offender was his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The statutory maximum for that offense was 40 years, not life, which would have established a base offense level 34. U.S.S.G. § 4B1.1(b)(B). Therefore, to correct this error under the career offender guideline, the Court applied a base offense level 34 under the armed career criminal guideline, U.S.S.G. § 4B1.4, and reduced Kenerson's sentence accordingly (Crim. No. 1:04cr52, Dkt. Nos. 45; 46).

After <u>Johnson</u>, even without application of the armed career criminal enhancement under U.S.S.G. § 4B1.4, Kenerson's remaining classification as a career offender under U.S.S.G. § 4B1.1 would dictate the same base offense level 34. His total offense level and

16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

criminal history category therefore would remain, respectively, 31 and VI, resulting in the same guideline range the Court used when it resentenced Kenerson in 2008, 188 to 235 months of incarceration.

Notably, however, removal of the armed career criminal enhancement under the ACCA has other consequential effects on Kenerson's cases. In Criminal No. 1:04cr52, Count Three charged Kenerson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Without the ACCA enhancement, the statutory maximum for a violation of 18 U.S.C. § 922(g) is ten years of incarceration, rather than life imprisonment. See 18 U.S.C. § 924(a)(2). Therefore, at a minimum, Kenerson's concurrent 200-month sentence for this count must be reduced to 120 months.

"[A] term of imprisonment is not the only potential 'harm' to which [a] Petitioner is susceptible." Davis v. United States, No. 4:16cv82, 2016 WL 6471457, at *6 (E.D. Va. Oct. 31, 2016), aff'd 708 F. App'x 767 (4th Cir. 2017) (unpublished decision). Without the ACCA enhancement, the ten-year maximum statutory penalty for violating 18 U.S.C. § 922(g) makes the offense a Class C felony, rather than a Class A felony, a change that impacts aspects of

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Kenerson's term of supervised release. 18 U.S.C. §§ 924(a)(2), (e)(1), 3559(a).

Without the Class A felony conviction, Kenerson's most serious offense, possession with intent to distribute cocaine base, is a Class B felony. A defendant who commits a Grade A violation while on supervised release for a Class A felony is exposed to ranges of incarceration anywhere from 12 to 22 months higher than a similarly situated defendant serving supervised release for a Class B felony. U.S.S.G. § 7B1.4(a). Therefore, adjusting Kenerson's sentence for Count Three in Criminal No. 1:04cr52 precludes Kenerson's exposure to any improperly enhanced penalties for violations of his supervised release.

Turning to the appropriate remedy, when a district court must impose a new sentence, it has the discretion either to conduct a formal resentencing or simply to correct the prisoner's sentence by way of an amended judgment. 28 U.S.C. § 2255(b). The latter form of relief is particularly appropriate when the district court is satisfied that entering the prisoner's remaining sentence is an appropriate result in the case. <u>Hadden</u>, 475 F.3d at 669.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Imposition of a corrected sentence is the appropriate remedy here because it will remove the consequences of the ACCA enhancement and place Kenerson "in exactly the <u>same</u> position he would have been had there been no error in the first instance." <u>Davis</u>, 708 F. App'x at 769 (quoting <u>Hadden</u>, 475 F.3d at 665) (emphasis in original); <u>accord</u> <u>United States v. McConatha</u>, No. 3:10CR285-HEH, 2018 WL 627389, at *3 (E.D. Va. Jan. 30, 2018). However, the Court will delay imposition of a corrected sentence until the parties have an opportunity to submit their respective proposals as to what that corrected sentence should be.

## IV. CONCLUSION

For the reasons discussed, the Court:

1)  **ADOPTS** the R&R (Crim. No. 1:04cr52, Dkt. No. 76; Civil No. 1:16cv228, Dkt. No. 18; Crim. No. 1:05cr28, Dkt. No. 68; Civil No. 1:16cv229, Dkt. No. 18);

2)  **GRANTS in part** and **DENIES in part** Kenerson's Motion (Crim. No. 1:04cr52, Dkt. No. 57; Civil No. 1:16cv228, Dkt. No. 1; Crim. No. 1:05cr28, Dkt. No. 51; Civil No. 1:16cv229, Dkt. No. 1); and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

**3)**     **DIRECTS** the parties to submit any proposals regarding

Kenerson's corrected sentence by **Friday, June 1, 2018.**

It is so **ORDERED.**

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255
Proceedings, the district court "must issue or deny a certificate
of appealability when it enters a final order adverse to the
applicant" in such a case. If the court denies the certificate, "a
party may not appeal the denial but may seek a certificate from the
court of appeals under Federal Rule of Appellate Procedure 22." 28
U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of
appealability in this matter because Kenerson has not made a
"substantial showing of the denial of a constitutional right" with
regard to the challenge of his status as a career offender. See 28
U.S.C. § 2253(c)(2). A petitioner satisfies this standard by
demonstrating that reasonable jurists would find that any
assessment of the constitutional claims by the district court is
debatable or wrong, and that any dispositive procedural ruling by
the district court is likewise debatable. See Miller-El v.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 18] AND GRANTING IN PART
AND DENYING IN PART § 2255 MOTION [DKT. NO. 1]**

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record,
the Court concludes that Kenerson has failed to make the requisite
showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to and to transmit copies of this
Order to counsel of record.

DATED: May 23, 2018.

                                   /s/ Irene M. Keeley
                                   IRENE M. KEELEY
                                   UNITED STATES DISTRICT JUDGE